UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60604-CIV-ZLOCH

SHANNON HAASE, and DENNIS
HAASE,

         Plaintiffs,              **FINAL ORDER OF REMAND**

vs.

TARGET CORPORATION,

         Defendant.

_____/

THIS MATTER is before the Court upon Plaintiff Shannon Haase and Dennis Haase's Unopposed Motion For Leave To File Amended Complaint To Join A Non-Diverse Party Defendant (DE 2). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiffs initiated the above-styled cause in Florida state court. The Complaint (DE 1, Ex. A) alleges that Plaintiff Shannon Haase was on the premises of Defendant Target Corporation as a business invitee and tripped on a hidden dangerous condition on the premises. Plaintiffs allege that Defendant failed in its duty to use reasonable care and that because of its failure it is responsible for the physical and financial injuries Plaintiff Shannon Haase and loss of consortium Plaintiff Dennis Haase have suffered.

During the course of discovery, Defendant identified Carroll's Personal Care Lawn Service, Inc. (hereinafter "Carroll's") as the

company responsible for caring for the grounds at the premises in question. It appears that the agreement between Carroll's and Defendant requires Carroll's to be liable for any slip and fall accidents resulting from defects in the areas for which it is responsible. Thus, Plaintiff's seek leave to amend their Complaint (DE 1, Ex. A) to add Carroll's as party-Defendant. Defendant does not oppose the Motion (DE 2).

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that district courts are required to grant such leave to amend in the absence of reasons for denial such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981), cited in Epsey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984). The Court notes that the instant Motion (DE 2) is unopposed.

This action is before the Court pursuant to its diversity jurisdiction. Title 28, United States Code, Section 1332 provides

2

that where an action is founded on diversity of citizenship, a federal court may maintain jurisdiction over the same only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution.   As Justice Stone stated in reference to § 1332 in <u>Healy v. Ratta</u>, "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." <u>Healy v. Ratta</u>, 292 U.S. 263, 270 (1934).

Plaintiff seeks leave to join a non-diverse party-defendant by the instant Motion (DE 2). They have attached a proposed Amended Complaint (DE 2, Ex. A) to the instant Motion.   In said Amended Complaint, Plaintiffs failed to properly allege the jurisdiction of the Court insofar as they failed to allege the citizenship of all Parties and that the amount in controversy exceeds $75,000.00. <u>See</u> 28 U.S.C. 1332(a)(1), -(c)(1). However, they state in the instant Motion (DE 2) that both they and the proposed party-Defendant are citizens of Florida.   Thus, by granting the instant Motion the Court would divest itself of jurisdiction over the above-styled cause.

Whether to grant joinder of a non-diverse party and remand the

3

action to state court for lack of subject matter jurisdiction is committed to the discretion of the Court. 28 U.S.C. § 1447(e). Based on the allegations made by Plaintiffs against Carroll's, the Court finds that joinder should be granted. Such joinder would conserve judicial resources, allow Plaintiffs access to recovery should they be entitled to it, and avoid the possibility of inconsistent results. It is worth noting again that Defendant does not oppose the motion.

Therefore, because joinder of Carroll's renders the Court without jurisdiction, the above-styled cause must be remanded.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Shannon Haase and Dennis Haase's Unopposed Motion For Leave To File Amended Complaint To Join A Non-Diverse Party Defendant (DE 2) be and the same is hereby **GRANTED**;

2. Plaintiff Shannon Haase and Dennis Haase's Amended Complaint (DE 2, Ex. A) be and the same is hereby deemed timely filed;

3. The above-styled cause be and the same is hereby **REMANDED** to state court for the Court's lack of jurisdiction over the same;

4. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County,

Florida, Case No. 0812228; and

5. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of June, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court (Certified Copy)
Broward County, Florida
Case No. 0812228

5